IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICHOLAS WELLS, # 207770, | ) |
| | ) |
|    Petitioner, | ) |
| | ) Civil Action No. |
| v. | ) 2:21cv411-WHA-SRW |
| | )      [WO] |
| JOSEPH H. HEADLEY, *et al.*, | ) |
| | ) |
|    Respondents. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Nicholas Wells filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court on June 11, 2021, challenging his conviction for three counts of unlawful distribution of a controlled substance in a 2004 jury trial in the Covington County Circuit Court (Case No. CC-03-414). Doc. 1. The trial court sentenced Wells as an habitual offender to concurrent terms of 35 years in prison for each conviction. In his § 2254 petition, Wells claims that he was denied his right to counsel when seeking to appeal his convictions in March 2004. Doc. 1. For the reasons that follow, the court finds that Wells' petition is a successive habeas petition subject to dismissal because it was filed without preauthorization from the Eleventh Circuit Court of Appeals.

### II.  DISCUSSION

Wells has filed two previous habeas corpus petitions challenging his March 2004 controlled substance convictions in Covington County Circuit Court Case No. CC-03-414. The instant § 2254 petition represents Wells's third attempt in this court at challenging those convictions. Wells's first habeas petition, which he filed in February 2012, was

denied and dismissed with prejudice in July 2014.[1] *See Wells v White*, Civil Action No. 2:12cv274-TMH (M.D. Ala. 2014). His second habeas petition, which he filed in September 2016, was dismissed for lack of jurisdiction because it was a successive habeas petition filed without the required appellate court preauthorization. *See Wells v Peterson*, Civil Action No. 2:16cv780-WKW (M.D. Ala. 2016).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] This court found that Wells's first habeas petition was time-barred under AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1). *Wells v White*, Civil Action No. 2:12cv274-TMH (M.D. Ala. 2014). A prior habeas petition dismissed as untimely under AEDPA's statute of limitations "counts" as a first petition for purposes of AEDPA's successive petition provisions. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005).

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

2

Wells has furnished no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition challenging his March 2004 controlled substance convictions. "Because this undertaking [is a successive] habeas corpus petition and because [Wells] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).

Consequently, Wells's § 2254 petition should be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

### III.  CONCLUSION

---

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2254 petition be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) for lack of jurisdiction as a successive petition filed without the required preauthorization from the Eleventh Circuit Court of Appeals.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by July 6, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 21st day of June, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge